AUGUSTINE, Judge.
The issue presented in this case is whether the St. Bernard Parish Police Jury violated Louisiana law by approving, on June 2, 1981, a plan for re-apportionment of the parish.
The law which governs the above question is La.R.S. 18:1903, which provides, in part:
“A. .. . Changes in election precinct boundaries shall be made to accomplish the purposes of this Section, as provided by the law for the establishment of precincts, prior to December 1, 1976, but shall take effect on and after January 1, 1977.
B. No election precinct shall be created, divided, abolished or consolidated, or the boundaries thereof changed from January 1, 1977 through December 31, 1981, unless ordered by a Court of competent jurisdiction, changed pursuant to a Court order or an order of the United States Attorney General, or by reason of an annexation, detachment, or other change in the boundaries of a municipality...”
*858 On June 2, 1981 the St. Bernard Parish Police Jury adopted a resolution to re-apportion the parish. According to the plan, the parish is to be divided into eleven single member districts, described in words by the resolution and defined by the official map which was also approved by the same resolution.[1]
As a practical matter, the June 2, 1981 re-apportionment plan divides and radically changes precincts 1, 2 and 3 of Ward “C” of St. Bernard Parish. The Police Jury’s resolution is therefore in clear violation of R.S. 18:1903(B) and contravenes the legislative purpose to maintain each election precinct intact until such time as population figures and statistics, available to the States through the Bureau of the Census of the United States Department of Commerce, could be properly brought to bear on the many deliberations involved in rational reapportionment.
We note, in this regard, that Senate Concurrent Resolution No. 2 of the 1981 First Extraordinary Session provides that the December 31, 1981 statutory deadline for the moratorium on precinct boundary changes shall be extended through the sixtieth day after final adjournment of the 1982 regular session of the legislature.
This extension underscores the legislative intent that re-apportionment be accomplished only after careful evaluation of statistical data derived from the Federal Bureau of Census. Any re-apportionment pri- or to the statutory deadline is conclusively presumed to have been decided upon without the benefit of that information, and is therefore in violation of the spirit and letter of Louisiana law.
Accordingly, the judgment of the district court finding the June 2,1981 re-apportionment to be violative of La.R.S. 18:1901 et seq. is affirmed.
AFFIRMED.

. There is no designation of any precinct boundaries contained within the words of the resolution or on the official map, as required by La.R.S. 18:532 and R.S. 18:1903; and, at no time did the Police Jury submit a map defining the parish’s boundaries, wards or election precincts, or word descriptions of these boundaries, to the Louisiana Legislative Council, as required by La.R.S. 18:1903(C), or to the Registrar of Voters, the Secretary of State and the Commissioner of Elections, as required by La. R.S. 18:532.